IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ESTELLE DIANE JOHNSON                                                     PLAINTIFF

V.                                                           CAUSE NO.: 1:10CV313-SA-DAS

LOWNDES COUNTY VFW POST #4272,
MALCOLM GERRY MOORE, DON FRANCISCO,
AND JOHN DOES 1-10                                                       DEFENDANTS

MEMORANDUM OPINION

Defendants filed a Motion for Summary Judgment [38] seeking dismissal of all Plaintiff's

causes of action.  Plaintiff has responded.  For the following reasons, Defendants' motion is

GRANTED IN PART and DENIED IN PART:

*Factual and Procedural Background*

From August 2008 through January 2010, Plaintiff worked as a bartender at the Lowndes

County VFW post in Columbus, Mississippi.  During 2008, Plaintiff contends she was subjected to

a continual stream of sexual harassment in which Gerry Moore, the Commander of the VFW post,

allegedly made several off color comments about her physique and grooming habits.  In addition,

Plaintiff contends Moore pushed coins off the bar so that She would have to bend over and pick

them up in front of him, asked her to kiss him so he could see if she was a good kisser, and stated

that he would like to see her rear end on the back of a fellow VFW member's motorcycle.

In November of 2009, the new Commander, Don Francisco, suspended Plaintiff's

employment for using VFW funds to purchase internet service without permission to do so.   She

was later terminated in January 2010.

Plaintiff contends she was owed overtime wages during her employment that the VFW never

paid.  VFW admits it tendered a check to Plaintiff in an amount it contends it owed her for overtime

wages during her employment. Plaintiff did not negotiate the check.

Plaintiff initially filed this case in the Lowndes County Circuit Court alleging sexual harassment, *inter alia*. Defendants removed that case to the Northern District of Mississippi. Judge Davidson dismissed Plaintiff's sexual harassment claim under Title VII and remanded the case back to Lowndes County. Plaintiff then amended her complaint alleging a Fair Labor Standards Act violation along with the other previously alleged claims. Defendants again removed.

After discovery was concluded, Defendants filed this Motion for Summary Judgment seeking dismissal of all claims against them. Plaintiff only responded as to the following claims: Fair Labor Standards Act violation, negligent infliction of emotional distress, negligent supervision, and bad faith breach of contract. The remaining claims have therefore been waived.

*Summary Judgment Standard*

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'… that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by… affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>, 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. <u>Matsushita Elec. Indus. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

*Discussion and Analysis*

A.  <u>Fair Labor Standards Act</u>

Plaintiff contends she was not compensated in accordance with the Fair Labor Standards Act for hours worked in excess of forty each week.  Indeed, the VFW tendered a check to Plaintiff to compensate her for those hours; however, Plaintiff contends the amount the VFW offered was incorrect.  Defendants seek summary judgment on this claim on the basis that Plaintiff has not sufficiently proved with definite and certain evidence that she performed work for which she was not properly compensated.

Defendants agree that Plaintiff is "owed some monies for overtime she . . . worked at the VFW . . . ."  However, the issue is how much time over forty she worked each week and how much money she is entitled to be compensated.  Plaintiff acknowledges that her allegation of 587 overtime hours owed is a "guesstimate," of which she has no record or documentation.  The VFW admits it has documentation as to the number of hours Plaintiff worked.  Thus, this claim is not proper for summary judgment as there is a genuine issue of material fact as to how much overtime compensation Plaintiff is due.

B.  <u>Negligence Claims</u>

Plaintiff has abandoned her intentional infliction of emotional distress claim and instead

argues that Gerry Moore's alleged sexual harassment constituted negligent infliction of emotional distress.

The Mississippi Workers' Compensation statute provides the exclusive remedy for workplace injury based on negligence. See Miss. Code Ann. § 71-3-9. In Means v. B&G Food Enters., 2006 U.S. Dist. Lexis 65835 (S.D. Miss. Sept. 13, 2006), the plaintiff alleged that defendant was negligent in allowing a hostile work environment in which she felt sexually harassed to exist. 2006 U.S. Dist. Lexis 65835, at *39-41. The court held that such action was barred by the exclusive remedy provision of the Mississippi Workers' Compensation statute. Id. Similarly, in Disney v. Horton, 2000 U.S. Dist. Lexis 5359 (N.D. Miss. Apr. 14, 2000), the court granted summary judgment on plaintiff's claim for negligent infliction of emotional distress based on alleged sexual harassment she suffered as an employee of defendant because "Mississippi cases which have considered the viability of a negligence claim in the employer/employee context refused to allow such an action." 2000 U.S. Dist. Lexis 5359, at *27-28. The court held that such action was barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act. Id.; see also Allen v. NPC Int'l, Inc., 1996 WL 407564, 1996 U.S. Dist. Lexis 21373 (N.D. Miss. June 10, 1996) ("A claim for negligent infliction of emotional distress does not arise from acts of intentional discrimination. Furthermore, any state tort claim grounded in negligence asserted by the plaintiff would be barred by the exclusive remedy provision of the Mississippi Workers' Compensation Law."). Griffin v. Futorian Corp., 533 So. 2d 461, 463-64 (Miss. 1988) (holding that where employee claimed that employer and manager wilfully failed to remedy a situation which caused injury, workers' compensation law barred advancement of the claim). Accordingly, Plaintiff's negligent infliction of emotional distress claim against all Defendants is dismissed.

Plaintiff further brings claims against the VFW for negligent failure to supervise Moore as well as a negligent failure to supervise Francisco for terminating her. As noted above, courts have consistently dismissed claims for negligent supervision against an employer, finding those claims to be barred by the exclusive remedy provision of the Mississippi Workers' Compensation statute. Campbell v. Jackson Business Forms Co., 841 F. Supp. 772, 774-75 (S.D. Miss. 1994) (negligent supervision of employees claim "clearly barred" by the exclusive remedy provision of Mississippi Code Section 71-3-9). Specifically, the Campbell court noted that "because [the employee] alleges that her claim arose out of the employer-employee relationship between her and [the employer], and because the tort claim is clearly grounded in negligence, her negligent supervision claim against [the employer] is barred by the Workers' Compensation law.

Here, Plaintiff's claims against the VFW for negligent supervision of Gerry Moore and Don Francisco arose out of the employer-employee relationship and are clearly grounded in negligence. Thus, those claims are barred by the Mississippi Workers' Compensation statute.

C. Bad Faith Breach of Contract

Diane Johnson did execute an employment contract with the VFW. While that contract did not specify a term of employment, it did provide that "[a]t any time the Employer may, upon delivery of written notice to the Employee, discharge them for cause or for no cause." Moreover, "[d]ischarge of the Employee for cause shall mean discharge because of:

a) Dishonesty

b) Breach of this Agreement

c) Other misconduct which in the judgment of the Employer is detrimental to the best interests of the Employer."

By letter dated November 29, 2009, Commander Don Francisco notified Johnson that the VFW discovered she had "willfully, intentionally and purposely order[ed] an internet service and personally authorize[d] the VFW Post 4272 to pay for it as an attachment on our monthly phone bill." Francisco noted that the action was not authorized by anyone at the VFW. He further stated that criminal charges could be brought against her on the basis of those actions and requested that she resign her position. On January 6, 2010, another letter memorialized Plaintiff's termination on the basis of her "dishonesty concerning the purchase of an internet service and having it attached to the phone bill at VFW Post 4272."

Don Francisco was later reprimanded and eventually removed from his position as Post Commander of VFW Post 4272, in part, due to his termination of Plaintiff. Plaintiff contends that Defendants' termination of her was a bad faith breach of her employment contract. Particularly, Plaintiff relies on Francisco's behavior in terminating members from the House Committee with whom he did not agree. Plaintiff asserts that Francisco was motivated to remove any person he disagreed with or did not get along with.

"[A] party has not breached the implied covenant of good faith and fair dealing when the party 'took only those actions which were duly authorized by the contract.'" Limbert v. Miss. Univ. For Women Alumnae Assoc., Inc., 998 So. 2d 993, 999 (Miss. 2008) (quoting GMAC v. Baymon, 732 So. 2d 262, 269 (Miss. 1999)). As noted above, Plaintiff was an employee at-will such that she could be terminated for cause or for no cause. Plaintiff has put forth no proof that Defendants acted in bad faith in terminating that contract. Thus, this cause of action is dismissed.

*Conclusion*

Defendants admit that Plaintiff is owed monies under the Fair Labor Standards Act for

overtime hours worked.  There is a genuine issue of material fact as to how many hours and how much compensation Plaintiff is owed.

Plaintiff's negligence claims are dismissed as a matter of law, and the bad faith breach of contract claim likewise fails for lack of substantiating proof.  Because all of Plaintiff's claims against the Defendants which could implicate the imposition of punitive damages have been dismissed, Plaintiff's claim for punitive damages is also dismissed.

SO ORDERED, this the 26th day of March, 2012.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**